WIGGINTON, Judge.
Appellant was charged with the unlawful possession of a narcotic drug commonly known as marijuana. He waived a jury trial and the case was heard by the court which rendered a verdict of guilty and sentenced appellant to imprisonment in the county jail for a period of ninety days. The primary thrust of appellant’s contention on appeal is that the trial court erred in denying his motion to suppress the evidence which formed the basis for his conviction because it was the fruit of an unlawful search made in violation of his constitutional rights.
The undisputed evidence reflected by the record establishes that on the day of his arrest appellant was driving through Tallahassee in a motor vehicle owned and operated by a friend. The vehicle was towing a trailer on which was mounted a racing car. The Tallahassee police department was advised by a confidential informer that a quantity of narcotic drugs contained in a first aid kit was secreted in the racing car being towed by the vehicle in which appellant was riding as a passenger. As a result of this information, an alert was sounded and shortly thereafter the vehicle *328 in question was stopped by the police officers while still within the city limits of Tallahassee.
The testimony is in dispute as to exactly what events transpired after appellant’s vehicle was stopped, however, there is competent and substantial evidence to establish the following facts. The officer in charge of the investigation requested permission of the owner to search the vehicle because of information received by him that it contained a cache of narcotics. The owner stated he had no objection to the search being made, which consent was verbally concurred in by appellant. At that point a written waiver and consent to search the vehicle was read to and signed by the owner. The officers possessed no search warrant nor did they place the occupants of the vehicle under arrest until after the search was completed. An ensuing search of the vehicle disclosed a suitcase which was immediately claimed by appellant as his own individual property. He not only expressed his willingness for the suitcase to be opened and searched, but offered to assist the officers in this undertaking. A search of the suitcase disclosed a plastic bag containing a quantity of marijuana and a metal gadget adapted for rolling cigarettes. Appellant was given the Miranda warnings about self-incrimination and thereafter admitted that the plastic bag containing the marijuana and cigarette roller found in his suitcase was his property which he purchased in California for his own personal use. It was based upon the foregoing disclosures and admissions that appellant was charged and placed on trial.
When the State sought to introduce in evidence the plastic bag containing the marijuana and cigarette roller taken from appellant’s suitcase, a motion to suppress the evidence was made and testimony pertinent to the objection was heard by the court. At the conclusion of the inquiry regarding the manner in which the evidence was seized by the police officers, the court denied appellant’s motion and in so doing the following explanation of the ruling was made:
“ * * * But a search may also be legal when it is done by reason of a voluntary consent of the owner of the property being searched. The Court has before it a written waiver and consent to the search. The testimony is conflicting ?s to whether that waiver was signed as a result of threats of prosecution or not. The Court, in evaluating the evidence, reaches the conclusion that the waiver was not signed as a result of any threats of prosecution and that the waiver was voluntarily signed. Certainly the presumption is in favor of the voluntary nature of an act done by an adult of intelligence and experience and the weight of the evidence strongly indicates that there was a voluntary consent and the Court so finds. * * * ”
Appellant first contends that the court based its ruling on an entirely erroneous premise when it found that the consent by the owner of the vehicle for it to be searched was presumed to have been voluntarily given because it was done by an adult of intelligence and experience. Appellant argues that the voluntary character of a consent to be searched under circumstances that would otherwise be unlawful cannot be based upon a presumption of voluntariness merely because the one who gave such consent was an adult of intelligence and experience. Appellant correctly postulates that before a search of one’s person, premises or effects may be lawfully made without a warrant or not incident to a lawful arrest, the consent to such search must be clearly shown by competent evidence to have been voluntarily given.[1]
Our review of the record reveals competent and substantial evidence which, *329 when viewed in a light most favorable to appellee, carries the burden of clearly establishing that consent by the owner for a search of his vehicle was voluntarily given. It was upon this evidence that the trial court unquestionably based its ruling and not upon the tenuous ground of a presumption of voluntariness as contended for by appellant. The ad-lib observation made by the court in its colloquy with counsel regarding the presumption of voluntariness was nothing more than a gratuitous interjection of judicial philosophy and did not constitute a statement of legal principle on which the ruling of the court was based.
Appellant raises the question that the contraband found in his suitcase by the police officers, which was the subject of his motion to suppress, was never formally admitted in evidence during the trial and, therefore, the court erred in predicating its judgment of conviction upon such evidence. The record reveals that the contents of the plastic bag were identified by an expert witness as being a narcotic drug known as marijuana. Another expert witness testified that he found on the metal cigarette roller a fingerprint corresponding to that of appellant. These two items of evidence were marked for identification and later connected by the testimony of the officer who performed the actual search and discovered the evidence in appellant’s suitcase which was admitted by him to be his individually owned personal properly. The record further reveals that the articles of contraband identified by the witnesses were proffered in evidence by the State as a composite exhibit. Before the court had the opportunity of ruling on the proffer, appellant’s counsel asked permission to cross-examine the witness further. The fecord reveals that no objection to the proffer of the contraband was made by appellant, and the record is silent as to any ruling by the court that the proffered articles be received in evidence as State’s exhibits. It is our view, however, that whether the contraband was actually received in evidence is immaterial. There is sufficient other evidence in the record to clearly establish that the contraband found in appellant’s suitcase and admittedly owned and possessed by him was a narcotic drug, the possession of which is prohibited by law. We therefore hold that the technicality to which appellant clings as a possible ground for reversal of the judgment is so exceedingly tenuous as to avail him nothing.
Lastly, appellant urges that even if it should be held that the search of the vehicle was voluntarily consented to by the owner and was therefore lawful in all respects, such consent could not extend to appellant’s personally owned suitcase found in the vehicle. In support of this position appellant relies on the case of United States v. Poole[2] decided by the United States District Court of the Eastern District for Louisiana. That decision holds that the consent by a tenant to a search of his apartment does not extend to a search of the defendant visitor’s overnight bag found by the officers in a closet where no consent to search had been given by the defendant. We express no view as to the correctness of the rule of law pronounced in this case because the facts there established differ so markedly from the facts in the case sub judice. The record before us contains ample testimony which, if believed to be true, clearly establishes that appellant not only jointly consented with the owner to a search of the vehicle but, in addition, readily consented to a search of his personally owned suitcase found in the vehicle. Under these circumstances the decision in Poole loses its force as support for the contention made by appellant.
Appellant having failed to demonstrate error, the judgment appealed is affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.

. Carter v. State, (Fla.App.1970) 238 So.2d 681; Talavera v. State, (Fla.App.1966) 186 So. 2d 811.

. United States v. Poole, (E.D.La.1969) 307 F.Supp. 1185.