MANN, Chief Judge.
Shaffer worked at Arby’s in St. Peters-burg until he and a substantial sum of money disappeared at approximately the same time. A police officer went looking for him and was admitted to the house in which he stayed. Three 18-year old boys who rented the place said that Shaffer was a guest there and that the policeman might go in and talk with him. The policeman entered Shaffer’s bedro.om and woke him up. He also states that he “got him on his feet.” Shaffer was very unsteady and could hardly stand by himself. Asked his name, he gave the wrong one. He did give the correct social security number, however. Then, says the officer, “I arrested him for drunk (sic) after talking to him and him giving me the false information.” Thereafter, he frisked Shaffer and took him to the police station and booked him for intoxication. At the police station he was searched and a sum of money slightly less than that stolen from Arby’s was taken from his person. His motion to suppress this evidence was denied. A plea of nolo contendere, reserving the-right to take this appeal, followed.
This conviction cannot stand. Shaffer’s arrest for drunkenness in the privacy of his own room was patently a pretext on which to make a search and seize the stolen money. There is no claim that the money was in plain view or that it was, though concealed on Shaffer’s person, discernible by the officer’s senses at a place where he had a right to be,[1] nor is there any effort to ground this arrest upon probable cause to believe that Shaffer was a thief. There is every reason to believe that a slight amount of additional detective work would have authorized an arrest on probable cause. What we have here is a purely pretextual arrest condemned in a long line of Florida cases cited in State v. Holmes.[2] There is no ground for any belief by a reasonable person that an ordinary citizen in Shaffer’s circumstances would be arrested for drunkenness.[3]
We need not reach the question whether, in so far as it purports to apply to drunkenness in the privacy of one’s home, Fla.Stat. § 856.01, F.S.A. (1971)[4] is unconstitutional.[5]
The seizure of the money from Shaffer’s person upon his being unlawfully arrested rendered that tangible evidence inadmissible under the doctrine of Wong Sun v. U. S.,[6] a custodial arrest of Shaffer being totally unjustifiable under the circumstances.[7]
It is regrettable that decisions with which police officers generally ought to be familiar were ignored, especially when a minimum of investigation might have yielded probable cause to make a felony ar *679 rest. Now the State must go to trial without the evidence which it otherwise would have.
Reversed and remanded for a new trial.
BOARDMAN and GRIMES, JJ., concur.

. State v. Johnson, Fla.App.2d 1970, 239 So. 2d 877.

. Fla.App.2d 1971, 256 So.2d 32.

. See, Yick Wo v. Hopkins, 1886, 188 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220.

. “Whoever shall be or become drunk from the voluntary use of intoxicating liquors or drugs shall be guilty of a misdemeanor of the second .degree, punishable as provided in §§ 775.082 or 775.083; but no prosecution shall be instituted after six months after the commission of the offense.”

. See, Powell v. Texas, 1968, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254.

. 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

. See, the concurring opinions of Justices Stewart and Powell in Gustafson v. Ma, 1973, 414 U.S. 260, 94 S.Ct. 488 at 492 and 494, 38 L.Ed.2d 456. See also, Davis v. Mississippi, 1969, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676. See, generally, Note, The Revolving Door Cycle in Florida, 20 U.Fla.L. Rev. 344.