PER CURIAM.
Defendant, Betty Jones, appeals an order denying her motion to suppress.
On June 12, 1974 defendant appeared in county court and after giving her responses to several questions asked by the trial judge, was ordered to 10 days detention in the county jail. While in the holding cell of the county jail, Ms. Jones called one of the matrons and informed the matron that she (Betty Jones) had a gun in her purse and thereupon turned it over. Ultimately, defendant was released from detention because she had been illegally incarcerated. *106 Subsequent to her release, defendant was charged by information with (1) carrying a concealed firearm, and- (2) introducing contraband into jail based upon the incident cited hereinabove. In response thereto, defendant filed a motion to suppress the evidence (the gun) as being the product of an unreasonable search and seizure in that her detention subsequently was determined to be illegal. After a hearing was held thereon, the trial judge denied the motion. Thereafter, defendant Jones entered a plea of nolo contendere to count I of the information and the prosecution announced a nolle prosequi as to count II. The trial court withheld adjudication of guilt and placed the defendant on probation for two years.
Defendant-appellant argues that the motion to suppress the pistol taken from the defendant should have been granted as the evidence was the fruit of an illegal detention.
First, Ms. Jones having informed the jail authorities and then having turned over the pistol to them, we only can conclude that there was no search of her person in either the legal or vernacular sense of the word. See United States v. Bailey, 447 F. 2d 735 (5th Cir. 1971). Assuming arguen-do that this occurrence could be categorized as a search, the evidence clearly demonstrates that Ms. Jones initiated the search by informing the matron that she had a gun in her possession and, therefore voluntarily consented thereto. See United States v. Bailey, supra; Moss v. State, Fla.App.1971, 247 So.2d 327; State v. Custer, Fla.App.1971, 251 So.2d 287.
Last, it does not necessarily follow that because defendant’s incarceration in the county jail subsequently proved to be illegal that the subject pistol should have been suppressed as the fruit of an illegal detention. For in the cause sub judice, the county judge ordered in good faith that defendant be incarcerated for 10 days in the county jail and thus it cannot be said that this detention was patently a pretext on which ta make a search and seize the pistol. Cf. Shaffer v. State, Fla.App.1974, 295 So.2d 677.
Accordingly, the order denying the motion to suppress must be and hereby is affirmed.