371 So.2d 205 (1979)
Edward HUNT, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1968.
District Court of Appeal of Florida, Second District.
May 18, 1979.
Jack O. Johnson, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, and David A. Davis, Legal Intern, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
This is an appeal from an order denying appellant's motion to suppress physical evidence.[1]
At the hearing on the motion, Officer Gary Swartz of the St. Petersburg Police Department testified that about noon on February 21, 1978, he was searching the *206 woods next to the Lake Maggiore Country Club in St. Petersburg for someone who allegedly had been exposing himself. After losing the trail, Officer Swartz returned to his vehicle and drove about the area. While in the process, he observed two boys, one of whom was appellant, sitting by a creek in the woods. Thinking that one of them might be the exposer, Swartz parked his car, got out and walked into the woods. When he was fifty feet from the two boys, he saw appellant's companion stuff a bag under his leg and try to conceal it.
When Swartz reached the boys' position, he ordered them to stand up and produce identification. Where appellant's companion had been sitting, the officer found a bag of marijuana. Swartz arrested the boy and had a security guard pat down both the companion and appellant. Swartz testified that except for what later happened, he would have let appellant go at that point.
However, Swartz then took both boys across the creek to a nearby picnic table. There he called for further assistance and, as they waited, Swartz talked with appellant. He asked appellant if he had any marijuana on him. Appellant said no. Then, noticing a bulge in appellant's jacket pocket, he inquired of appellant as to what was in the pockets. Appellant replied that it was only his gloves. "Let's see them," Swartz said. Appellant then opened the flap to the pocket and pulled out two bags of marijuana. Swartz arrested appellant for possession of the marijuana which appellant subsequently moved to suppress.
In reviewing this case, we begin with the assumption, as apparently did counsel and the judge in the court below, that the seizure of the marijuana was legal only if appellant had consented to the "search" of his pockets. For consent to be found, the State must demonstrate by clear and convincing evidence that a defendant freely and voluntarily agreed to a search and that his agreement was not the product of a mere acquiescence in the apparent authority of the police to conduct a search. Bailey v. State, 319 So.2d 22 (Fla. 1975). Here, the State did not meet this burden. The only conclusion which can be drawn from the undisputed facts set out above is that appellant pulled the plastic bags from his pocket because he thought the police officer had the authority to tell him to do so.
Accordingly, we REVERSE and REMAND the case for further proceedings consistent with this opinion.
BOARDMAN, Acting C.J., and DANAHY, J., concur.
NOTES
[1] Appellant pleaded nolo contendere to possession of marijuana, reserving his right to appeal the denial of suppression.