RYDER, Judge.
This is an appeal from an order granting appellee’s motion to suppress evidence. The state argues that granting the motion was error as no search occurred. We agree and reverse.
The undisputed facts establish that while on a predrawn patrol in an area which had experienced previous disturbances, a deputy sheriff observed a vehicle parked on the side of the road with four persons sitting or standing around it. As the deputy approached the vehicle, he observed Hicks stuffing something down into his shorts. Thereafter, he observed a “bulged area” in the appellee’s shorts. Appellee also attempted to conceal the bulge by placing his hands over the area and by turning away.
The deputy requested, and was given, identification from each individual. He verified each name and by radio established that none had outstanding warrants against them.
After a second deputy arrived on the scene, appellee was asked by the first officer, “What is that inside your shorts?” The appellee did not verbally respond. However, he immediately pulled from his shorts two clear plastic bags of marijuana whereupon he was arrested for possession of marijuana. The motion to suppress followed and was granted.
The issue with which we are here concerned is whether Hicks was ever subjected to a search when his spontaneous production of marijuana came as a nonverbal response to an inquiry by the police. Appel-lee asserts that the production of the marijuana was not freely and voluntarily made, but rather was in acquiescence to the apparent authority of the police. Hunt v. State, 371 So.2d 205 (Fla.App.1979). Although at first blush one might presume Hunt is controlling here, it is not. In Hunt, the officer went further than merely inquiring as to what was in Hunt’s pockets, he ordered Hunt to display to him the contents of the pocket. Thus, unlike the appel-lee in the instant case, Hunt was compelled to follow the orders of the officer.
Here, Hicks was not obliged to produce anything. He was not subjected to any orders or demands of the deputy. Hicks was simply asked a question. Literally, it was the appellee himself who went beyond the officer’s initial inquiry and spontaneously extracted the marijuana from his shorts into plain view. We believe the facts *879 of this case are controlled by our opinion issued in Neely v. State, 402 So.2d 477 (Fla. 2d DCA 1981). Based upon these circumstances, we, therefore, hold there was no illegal search and seizure because there was no search at all. Neely, supra. Thus, the marijuana was subject to proper seizure and should not have been suppressed below.
Accordingly, we REVERSE the order granting appellee’s motion to suppress evidence and REMAND to the trial court for further proceedings consistent with this opinion.
HOBSON, A. C. J., and BOARDMAN, J., concur.