WILL WOOTEN, *Plaintiff in Error*, vs. THE STATE OF FLORIDA, *Defendant in Error*.

140 So. 474.

Division A.

Opinion filed March 30, 1932.

*H. H. Richards* and *A. C. Johnson,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, C.J.—The plaintiff in error was convicted of murder in the first degree with recommendation to mercy in the Circuit Court of Suwannee County on the 18th day of May, 1931, and was sentenced for said offense to serve his natural life in the State prison. He sued out a writ of error and brings his case here for review.

The only question presented for our consideration is:

"Where there is no evidence of a premeditated design to kill, and the statute of limitations has run against all degrees of homicide except murder in the first degree, can a verdict of murder in the first degree be sustained?"

If the plaintiff in error had contended that the murder was committed without provocation his contention would have found support in the record, but he contends that the homicide was committed without premeditation and, therefore, that he could not be held guilty of murder in the first degree.

The record shows that the deceased was riding on a running board of a car in which the accused and others were also riding; that the driver of the car one Kimsey caused the car to brush against the top of a tree which had fallen across the road and McCray, the deceased, exclaimed to the driver, "That's right; wreck it, wreck it," evidently in criticism of the manner of the driver. Wooten, the accused, thereupon got a pistol from the

pocket of the car and said, "I'll kill you" and thereupon shot and killed McCray.

It would be rather puzzling to conceive more definite proof of premeditated design than that shown by the statement of the accused just before he shot the deceased.

A premeditated design is not required to exist in the mind of the perpetrator of a homicide for any particular length of time to constitute such homicide murder in the first degree. If the accused is shown to have arrived at a definitely formed purpose to effect the death of the person assaulted in the manner and by the means in and with which the homicide is committed, and under such conditions that such homicide will neither be justifiable nor excusable, nor under such conditions as to reduce the crime to manslaughter or murder in the third degree, the homicide will constitute murder in the first degree, although the design and intent to commit such homicide was formed by the accused immediately before the act is actually committed.

Both malice and premeditation are questions of fact to be inferred from the circumstances of the case and are questions for the jury to determine if there is any evidence to support the existence of malice or premeditation. See Powell vs. State, 93 Fla. 756, 112 Sou. 608; Buchanan vs. State, 95 Fla. 301, 116 Sou. 275.

We find no reversible error disclosed by the record and the judgment should, therefore, be affirmed. It is so ordered.

Affirmed.

Ellis and Brown, J.J., concur.

Whitfield, P.J., and Terrell and Davis, J.J., concur in the opinion and judgment.