266 So.2d 378 (1972)
Horace WADE, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Correction, Respondent.
No. 70-821.
District Court of Appeal of Florida, Fourth District.
August 31, 1972.
Walter N. Colbath, Jr., Public Defender, Charles W. Musgrove, Asst. Public Defender, West Palm Beach, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This cause is before the court upon a late appeal granted to the appellant, Horace Wade, who, along with others, was charged and convicted of the offense of robbery and aggravated assault. Each was sentenced to life imprisonment for the robbery and to five years, concurrently, for aggravated assault.
The appellant asserts error directed to the ruling of the trial court permitting the state to submit evidence relating to a collateral crime, alleged to have been committed by the defendant. Under the evidence in this case, the trial judge was eminently correct under the authority of Williams v. State, 110 So.2d 654 (Fla. 1959).
Appellant further challenges the validity of his sentence imposed relating to the charge of aggravated assault. The record reveals that following the robbery, *379 in which Wade employed the use of a pistol, he proceeded to pistol whip his victim about the head and then to kick him in the eye. Such conduct constituted the separate offense of aggravated assault. Kish v. State, 198 So.2d 639 (Fla.App. 1967).
Wade further charges prejudicial error relating to the argument of the prosecuting attorney. The argument complained of was fair comment based upon the evidence in this case. One who commits crimes of violence may not in reason expect the prosecuting attorney to be complimentary in his address to the jury.
It follows that the judgments and sentences appealed from are affirmed.
WALDEN and MAGER, JJ., and MELVIN, WOODROW, M., Associate Judge, concur.