ERVIN, Justice
(dissenting):
The decision under review would appear to conflict with Sherman v. State, 255 So.2d 263 (Fla.1971), and Grant v. State, 194 So.2d 612 (Fla.1967). Accordingly, I would grant certiorari in order to resolve the conflict. Fla.Const. Art. V, Section 3(b)(3), F.S.A.
Petitioner, along with others, was charged and convicted of robbing a liquor store and aggravated assault of an employee, committed on March 5, 1962, in Orlando, Florida. At the trial, evidence was admitted concerning a drugstore robbery for the purpose of showing an intent or motive, or to show a scheme, purpose, or design. In his argument to the jury at the close of the trial, the prosecuting attorney made the following statement:
“I submit to you, Gentlemen, that these boys, these defendants, aren’t first timers, they have been through this and they knew . . . ” (Emphasis supplied.)
At that point defense counsel objected and indicated that this statement was prejudi *378 cial and inflammatory. The trial court judge instructed the jury to disregard the statement because there was no evidence to support the remark. The prosecuting attorney continued to address the jury and shortly thereafter stated:
“Gentlemen, if you as Gentlemen of the jury and members of this community want these acts, brutality, robbery, to continue ...” (Emphasis supplied.)
Again, defense counsel objected and again the judge sustained the objection.
Following Petitioner’s conviction, an appeal was taken to the District Court of Appeal, Fourth District, Wade v. Wainwright, 266 So.2d 378 (Fla.App.1972), charging prejudicial error relating to the argument of the prosecuting attorney. In a per curiam opinion the court stated:
“The argument complained of was fair comment based upon the evidence in this case. One who commits crimes of violence may not in reason expect the prosecuting attorney to be complimentary in his address to the jury.” Supra at 379. (Emphasis supplied.)
I cannot agree with the District Court’s approval of the subject comments of the prosecutor that they were “fair” and “based upon the evidence.” The trial judge stated specifically that there was no evidence to support the prosecuting attorney’s statements. The statement which describes the defendants as not being “first timers” clearly implies that they had been imprisoned previously for unlawful conduct. In Sherman v. State, supra, the defendant admitted that he had on one occasion been convicted of a crime although a statement as to the nature of the crime was stricken by the trial court. During his closing argument the prosecuting attorney stated that the defendant had passed worthless checks on other occasions and was no stranger to criminal prosecution. Upon review we stated that the remarks were so fundamentally tainted that neither objection nor retraction could entirely destroy their sinister but extraneous influence upon the jury and therefore we ordered a new trial.
The second above-quoted statement made by the prosecuting attorney in the case sub judice is more inflammatory than the first statement. The prosecuting attorney be-seeched the jury to prevent further acts of robbery and brutality by convicting the defendant. Similar inflammatory comments were denounced in Grant v. State, supra, where the jury was told that if they didn’t return a verdict of first degree murder there was a likelihood that the killing would continue. There again, we reversed and remanded the cause for a new trial.
The record indicates that the prosecuting attorney presented an oral argument before the jury that was designed to arouse their emotions and divert their minds from the relevant evidence which was properly before them. This is not American justice nor a fair trial. In each instance the defense counsel made a timely objection to the improper argument so as to bring the court’s attention to the prejudicial effect. 23 Fla.Jur., New Trial, § 23. Even though there appears to have been substantial relevant evidence to support the conviction, I would grant the petition and remand for a new trial “conducted coolly and fairly, without the indulgence in abusive or inflammatory statements made in the presence of the jury by the prosecuting officer.” Goddard v. State, 143 Fla. 28, 196 So. 596 (1940).
The District Court should not be permitted to approve unfair prosecutorial comments of the kind herein indulged in, contrary to the standards of fairness which this Court has established in prior cases.