298 So.2d 465 (1974)
Harold Butler JEFFERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1375.
District Court of Appeal of Florida, Third District.
June 26, 1974.
Rehearing Denied August 26, 1974.
Phillip A. Hubbart, Public Defender, and Eva Weisner, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before CARROLL and HENDRY, JJ., and LESTER, M. IGNATIUS, Associate Judge.
*466 PER CURIAM.
This is an appeal by appellant, defendant in the trial court, from jury conviction and sentence thereon.
Appellant was convicted of assault with intent to commit robbery and first degree murder. He was sentenced to life imprisonment on the murder count and fifteen (15) years on the attempted robbery. The sentences were ordered to run consecutively.
The appellant contends there was not sufficient competent evidence produced at trial to sustain the jury in finding that the defendant intended to participate in the robbery. We disagree. We find that there was substantial competent evidence to support the verdict, which carries a presumption of correctness with all inference to be drawn from the evidence to be in favor of the judgment of guilt. It is not the function of an appellate court to re-try the case or to substitute its judgment for that of the jury. But if the evidence is wholly insufficient to justify a verdict of guilt, or if the facts established by the evidence do not constitute the offense of which the defendant stands convicted it is the duty of the appellate court to so declare and to reverse a judgment of guilt based upon such verdict. In performing this function the appellate court in order to give the proper weight to a jury verdict approved by the trial court must assume that the jury believed that credible testimony most damaging to the defendant and drew from the facts established those reasonable conclusions most unfavorable to the defendant. Parrish v. State, Fla.App. 1957, 97 So.2d 356.
It is well settled that the weight to be accorded such evidence, and the credibility of the witness by whom it is adduced, lies exclusively within the province of the jury. On appeal, this court will not substitute its judgment of such matters for that of the jury, nor will it pit its judgment against that of the jury in the determination of factual issues presented at trial. Alleman v. State, Fla.App. 1973, 279 So.2d 382; Loprince v. State, Fla.App. 1969, 218 So.2d 212; Beard v. State, Fla.App. 1958, 104 So.2d 680.
At the trial Muriel Wallace, the deceased's wife, testified that on the day of the crime she and her husband were selling ice cream on their route; two fellows, the gunman and the defendant, ran after the truck, calling "ice cream"; that the husband stopped the truck; the two fellows came up to the truck at the same time, and the gunman put his hand in his pocket and pulled out a gun and put a gun to Mrs. Wallace's face, and the defendant moved over closer to the gunman, and the gunman said, "Give it up." Mr. Wallace stood up and the gunman shot him, and the defendant fled; that the gunman then shot Mr. Wallace a second time and shot Mrs. Wallace in the stomach.
Mrs. Wallace testified that when she and her husband were working on their ice cream route, the defendant talked to her husband during the week prior to the robbery and shooting incident ten (10) or fifteen (15) times, asking the husband about the business, the cost of the truck, and the money involved.
Investigating officer, Sergeant Robert Dean Love, testified that he spoke to the defendant, who told him that he was not in town at the time of the shooting.
From all the evidence the jury could and did reasonably conclude that Charles Wallace was murdered during an attempted robbery, which crime had been planned or intended by the defendant and the gunman.
We have also considered other points on appeal in the light of the record, briefs, and argument of counsel and have concluded that no reversible error has been demonstrated.
The judgment is affirmed.