338 So.2d 242 (1976)
Thinnell DAWSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1608.
District Court of Appeal of Florida, Third District.
October 12, 1976.
*243 Phillip A. Hubbart, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Thinnell Dawson was charged in two informations with rape, aggravated assault, robbery and breaking and entering. After a non-jury trial, he was adjudged guilty on all counts and sentenced to concurrent terms in the state penitentiary of thirty years, twenty years, five years and fifteen years on the respective counts. The sole point raised on appeal is that the trial court erred in finding Dawson guilty of aggravated assault.
The evidence disclosed, and it was not refuted by the defense, that Dawson threatened the victim with a rifle, known to the victim to be unloaded, and also with a knife. Dawson's argument is that since the victim knew that the rifle was not loaded, there was no evidence of the material element of fear.[1]
On appeal, we review the record for the purpose of determining whether it contains substantial competent evidence which, if believed, will support the trial judge's finding of guilt. Crum v. State, 172 So.2d 24 (Fla. 3rd DCA 1965); Starling v. State, 263 So.2d 645 (Fla. 3rd DCA 1972). Generally, all conflicts and reasonable inferences from the evidence are to be drawn in favor of the judgment of conviction and the evidence is to be viewed in the light most favorable to support the conclusion of the trier of fact. Douglas v. State, 214 So.2d 653 (Fla. 3rd DCA 1968); Dreger v. State, 228 So.2d 431 (Fla. 3rd DCA 1969).
Our review of the record discloses sufficient evidence from which the trier of fact could reasonably infer that the victim was placed in fear by the defendant's act of threatening her with the unloaded rifle.[2] Even if the evidence in the record was not sufficient to support a finding that the victim was placed in fear by the assault with the unloaded gun, nevertheless, there is ample substantial evidence that the victim was placed in fear by the assault committed by the defendant with the knife.
Finding substantial evidence competent evidence to support the trial judge's finding of guilt, we affirm.
Affirmed.
NOTES
[1] State v. White, 324 So.2d 630 (Fla. 1975), indicates that the crime of aggravated assault includes as one of its elements the victim's wellfounded fear that violence is imminent.
[2] We note that a gun may be used as a club, stick or bludgeon, and thus is a deadly weapon in this capacity as well as in discharging bullets. See, for example, Wade v. Wainwright, 266 So.2d 378 (Fla. 4th DCA 1972).