PER CURIAM.
This is an appeal by William Allan Mob-ley from an adjudication of guilty of perjury in an official proceeding under Section 837.02, Florida Statutes (1975) [1].
Mobley basically contends that the prosecution failed to prove an essential element of the perjury charge, to wit: that his alleged testimony was made under oath. See Hirsch v. State, 279 So.2d 866 (Fla. 1966).
The issue presented for our determination is where the official transcript of the proceedings raises some doubt as to whether the defendant was, in fact, sworn before testifying, may the prosecution call witnesses who were present at those proceedings to testify that the defendant was so sworn.
Jerry Rayzor, manager of the Top Hat Health Studio, was charged with operating a massage parlor without a license and maintaining a house of prostitution in State v. Rayzor. Several months prior to the Rayzor trial, an undercover female detective with an electrical monitoring device hidden on her person went to the studio on the pretext of seeking employment. She interviewed with Mobley, proprietor of the studio and appellant herein, who instructed her on her duties including massage and the solicitation of certain lewd and lascivious acts. At the Rayzor trial, Mobley testified that (1) the studio is not and never has purported to be a massage parlor, (2) he never authorized any lewd, lascivious or illegal acts of prostitution at the studio and (3) the studio employees are not instructed to solicit or procure any lewd, lascivious or illegal acts of prostitution. As a result, Mobley was informed against for allegedly giving perjured testimony at the Rayzor trial.
The court reporter who took the official record of the proceedings in the Rayzor trial was called to testify in the instant case and read Mobley’s testimony from his transcribed notes. His notes failed to reflect that Mobley was sworn or placed under oath prior to testifying. However, the notes did demonstrate that at the commencement of the Rayzor proceedings with Mobley as a witness present in the courtroom, the trial judge stated:
“All right, everybody in the ease of Razor [sic] come forward and let’s swear the witnesses.”
In addition, two police officers who had been witnesses at the Rayzor trial testified that they were present in the courtroom when Mobley was called to testify and they observed him taking the stand and being sworn. At the conclusion of the perjury trial, the jury found Mobley guilty as charged.
Mobley argues that the trial court erred in permitting the two officers to testify that he was sworn at the Rayzor trial where the official transcript of those proceedings failed to so reflect and, therefore, the State failed to prove his testimony was given under oath. We cannot agree.
Long ago the principle of law was established that in a perjury prosecution, any witness present at the alleged swearing may be questioned fully as to all the facts and circumstances connected with the alleged swearing of the defendant in order that it may be determined whether or not the defendant was sworn. Markey v. State, 47 Fla. 38, 37 So. 53 (1904); Leaptrot v. State, 51 Fla. 57, 40 So. 616 (1906). Thus, the trial judge properly permitted the officers who were present at Mobley’s swearing to so testify.
*713 Furthermore, to entertain the suggestion that the trial judge who presided over the Rayzor proceedings is the only party who could testify to the fact that Mobley was sworn is to insinuate that the testimony of the police officers with respect to this issue is unworthy of belief thereby invading the province of the jury to accept the testimony believed to be true and to reject that which it concludes is not worthy of belief. See Jefferson v. State, 298 So.2d 465 (Fla. 3d DCA 1974). On appeal this court will not substitute its judgment on such matters for that of the jury. Jefferson, supra, and cases cited therein.
We have also considered Mobley’s second point on appeal and find it lacking- in merit.
Affirmed.

. “837.02 Perjury in official proceedings
“(1) Whoever makes a false statement, which he does not believe to be true, under oath in an official proceeding in regard to any material matter shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.”