361 So.2d 167 (1978)
Rodney WOOTEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-21.
District Court of Appeal of Florida, Third District.
March 7, 1978.
Rehearing Denied April 21, 1978.
Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender and Rory Stein, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen. and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before NATHAN and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from his jury conviction for resisting an officer with violence and possession with intent to sell a controlled substance, i.e., cocaine. Appellant was sentenced to 1 year and 5 years respectively.
Appellant's basic contention on appeal is that the evidence was insufficient to show any intent to sell.
It is a well established rule that an appellate court should not disturb a verdict under review where there is sufficient competent evidence to sustain it. Also, on appeal, conflicts in the evidence and the reasonable inferences therefrom should be resolved in favor of the verdict. See, e.g., Alvord v. State, 322 So.2d 533 (Fla. 1975); and Spinkellink v. State, 313 So.2d 666 (Fla. 1975). In the instant case, even after applying these rules, we must agree with appellant's contention that the record does not reveal sufficient competent evidence from which the jury could have found appellant guilty of an intent to sell. However, the record does reveal sufficient competent evidence to support the other findings of the jury verdict. Therefore, the conviction is reversed to the extent that it found appellant guilty of an intent to sell cocaine and affirmed in all other aspects. Accordingly, the cause is remanded for a readjudication and resentencing not inconsistent with this opinion.
Affirmed in part, reversed in part, and remanded.