NESBITT, Judge.
The appellant, pursuant to Section 812.13, Florida Statutes (1977), challenges his adjudication of delinquency arising out of robbery charges filed against him. Appellant contends the evidence is insufficient to show that the robbery was accompanied by any force or violence. McCloud v. State, 335 So.2d 257 (Fla.1976); Mims v. State, 342 So.2d 116 (Fla. 3d DCA 1977); Fla.Std. Jury Instr. (Crim.) (Robbery) 2.06 and 2.07.
The pertinent testimony showed that the appellant snatched a purse from the hand of the victim, an elderly woman who was walking on a sidewalk on Miami Beach. She was confronted by the defendant and his companion on the sidewalk. The victim described the scene as “a very small sidewalk, and on one side are the gates and on the right side are the cars, and I couldn’t go anywhere.” She testified that the defendant approached on the left “[a]nd this boy took my purse out of my hand [referring to the defendant]. I was scared and I couldn’t see anything, and I was in a state of shock for a moment.”
It is obvious that upon having her path blocked by the defendant and his companion, this elderly lady was intimidated at the moment of, or slightly prior to, this event. On cross-examination, the victim indicated that her state of mind described above occurred contemporaneously with the act. Under these circumstances, we find the testimony was sufficient to show that the violence or intimidation preceded or was contemporaneous with the taking. Montsdoca v. State, 84 Fla. 82, 93 So. 157 (1922).
The case sub judice is similar to Flagler v. State, 198 So.2d 313 (Fla.1967) where the victim of the alleged robbery was put in fear prior to the taking of her property. In Flagler, a housewife was driving with her four-year-old son and had stopped her car at a stop sign when the defendant furtively entered her car and reached for her pocketbook. The victim first became aware of the defendant’s presence as she attempted to change gears and saw his hand reaching for her pocketbook. Justice Thomas, writing for the court, observed that:
We think that in this setting the mother would have been less than human if she had not been frightened out of her wits and that the fear was generated when she saw a strange hand reaching for her purse at about the time she became conscious of the petitioner’s presence.
198 So.2d at 314.
In McCloud v. State, 335 So.2d 257 (Fla.1976), Justice England, speaking for *778 the court, recognized the “nice” distinctions between robbery and larceny. In the present case, these nuances became a question of fact to be resolved by the trier of fact. In our appellate posture, we must assume that the trier of fact “believed that credible testimony most damaging to the defendant and drew from the facts established those reasonable conclusions most unfavorable to the defendant.” Parrish v. State, 97 So.2d 356, 358 (Fla. 1st DCA 1957), cert. denied, 101 So.2d 817 (Fla.1958). See also, Jefferson v. State, 298 So.2d 465 (Fla. 3d DCA 1974). Consequently, this court will not substitute its judgment for that of the trier of fact nor pit its judgment against those determinations of fact properly rendered by the trier of fact. State v. Smith, 249 So.2d 16 (Fla.1971). All conflicts and reasonable inferences therefrom are resolved to support the judgment of conviction. Wooten v. State, 361 So.2d 167 (Fla. 3d DCA 1978); Dawson v. State, 338 So.2d 242 (Fla. 3d DCA 1976); Starling v. State, 263 So.2d 645 (Fla. 3d DCA), cert. denied, 268 So.2d 905 (Fla.1972).
Next, the appellant asserts the trial court erred in delegating authority to his counsel- or to fix restitution. The dispositional order of this court provided: “Further, said child is to pay a proportionate restitution to the victim in the amount deemed appropriate by his counselor.”
In Fresneda v. State, 347 So.2d 1021 (Fla.1977), our Supreme Court held that, prior to restitution being ordered, a defendant must be given notice of the proposed restitution order as well as an opportunity to be heard as to the amount. Additionally, the authority to determine the amount cannot be delegated to the probationer’s supervisor. McClure v, State, 371 So.2d 196 (Fla. 2d DCA 1979); Kroenke v. State, 366 So.2d 46 (Fla. 2d DCA 1978), cert. denied, 374 So.2d 99 (Fla.1979).
For the foregoing reasons, the appellant’s adjudication of delinquency is affirmed; the order delegating judicial authority to the juvenile’s counselor to determine the amount of restitution is reversed with directions to afford the juvenile an evidentiary hearing as to the amount of restitution prior to any adjudication by the court.
Affirmed in part and reversed in part.