407 So.2d 230 (1981)
Remy MORALES, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1188.
District Court of Appeal of Florida, Third District.
November 10, 1981.
Rehearing Denied January 6, 1982.
*231 Raymond E. Badini, John H. Lipinski, Miami, for appellant.
Jim Smith, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
NESBITT, Judge.
We reject the appellant's contention that his conviction for making a counterfeit Indiana operator's license and having instruments for making counterfeit operators' licenses contrary to Section 831.29, Florida Statutes (1979) was procured under a constitutionally vague and overbroad statute. Specifically, the defendant contends that "in the similitude" fails to put an individual on notice as to the proscribed activity.
All doubts as to the validity of a statute are to be resolved in favor of its constitutionality. Hamilton v. State, 366 So.2d 8 (Fla. 1979); Brown v. State, 358 So.2d 16 (Fla. 1978). It is an immutable principle that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." Cline v. Frink Dairy Co., 274 U.S. 445, 459, 47 S.Ct. 681, 684, 71 L.Ed. 1146, 1153 (1927); Falco v. State, 407 So.2d 203 (Fla. 1981). In Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881, 884 (Fla. 1972), the court stated: "To make a statute sufficiently certain to comply with constitutional requirements, it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited. Impossible standards are not required." Accord, State v. Lindsay, 284 So.2d 377 (Fla. 1973). Where the language conveys a sufficiently definite warning to express the proscribed conduct when measured by common understanding and practices, no constitutional violation has occurred. See, Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); State v. Dye, 346 So.2d 538 (Fla. 1977).
Applying these principles to the present case, we find that the statute sufficiently defined the proscribed conduct. Webster's New International Dictionary 2340 (2d Ed. 1960) defines "similitude" as "one that is like or similar, a facsimile, counterpart" and it is a synonym for likeness. In the overall context of the statute, the word has a clear meaning, and that meaning will be given effect. City of Miami v. Kayfetz, 92 So.2d 798 (Fla. 1957). It should not be given a construction which is unduly technical. State v. Allen, 362 So.2d 10 (Fla. 1978). Consequently, the prohibited conduct was sufficiently described in the statute so that a person of common intelligence could discern the activities which were proscribed.
*232 We also reject the appellant's contention that the evidence was insufficient to support his conviction because of the many discrepancies between the official Indiana license and the license made by the defendant. According to the testimony, the following dissimilarities from the official license was discernible: (1) the counterfeit license was smaller; (2) it did not contain an issue date; (3) it contained no Indiana State seal; (4) the coloration of the background was different; (5) there was no re-examination date; (6) the borders were different; (7) a different numbering system was employed; (8) there was no section for anatomical gifts; and (9) the word "pursuant" was misspelled "persuant."
In support of the state's position, the Director of Drivers Licenses and Examinations of the State of Indiana testified that if he had been shown the license in question he would have believed it to be valid. A City of Miami police officer rendered the same opinion.
The degree of similarity between the counterfeit and the official license was a question of fact resolved below in favor of the state. On appeal, we must assume that the trier of fact believed the testimony most damaging to the defendant and that he drew conclusions from these facts most unfavorable to the defendant. E.Y. v. State, 390 So.2d 776 (Fla. 3d DCA 1980); Parrish v. State, 97 So.2d 356 (Fla. 1st DCA 1957), cert. denied, 101 So.2d 817 (Fla. 1958). This court will not substitute its judgment for that of the trier of fact nor pit its judgment against those determinations properly rendered below. E.Y. v. State, supra. All conflicts and reasonable inferences therefrom are resolved to support the judgment of conviction. Wooten v. State, 361 So.2d 167 (Fla. 3d DCA 1978); Dawson v. State, 338 So.2d 242 (Fla. 3d DCA 1976). Consequently, we will not disturb the findings of the trier of fact.
The other points raised by this appeal are without merit. The defendant's judgments of conviction and sentences are affirmed.