PER CURIAM.
The defendant was convicted of the first-degree murder of Arthur Lee Andrews. The only issue on appeal is whether the evidence was sufficient to establish premeditation. Finding that it was, we affirm.
As we stated in E.Y. v. State, 390 So.2d 776, 778 (Fla. 3d DCA 1980):
In our appellate posture, we must assume that the trier of fact “believed that credible testimony most damaging to the defendant and drew from the facts established those reasonable conclusions most unfavorable to the defendant.” Parrish v. State, 97 So.2d 356, 358 (Fla. 1st DCA 1957), cert. denied, 101 So.2d 817 (Fla. 1958). See also, Jefferson v. State, 298 So.2d 465 (Fla. 3d DCA 1974). Consequently, this court will not substitute its judgment for that of the trier of fact nor pit its judgment against those determinations of fact properly rendered by the trier of fact. State v. Smith, 249 So.2d 16 (Fla. 1971). All conflicts and reasonable inferences therefrom are resolved to support the judgment of conviction. Wooten v. State, 361 So.2d 167 (Fla. 3d DCA 1978); Dawson v. State, 338 So.2d 242 (Fla. 3d DCA 1976); Starling v. State, 263 So.2d 645 (Fla. 3d DCA), cert. denied, 268 So.2d 905 (Fla. 1972).
Viewing the evidence in this light, it appears that the defendant became upset upon learning from his “common-law” wife *1228 that Annie Andrews and her brother, Arthur, had come to his house searching for cases of soda which had been stolen from Annie’s store. He stated, “I’ll straighten them out,” walked one block to their store, said to Arthur, “I’ll kill you,” and shot him.
It was within the province of the jury to find that the alleged intrusion by Arthur and Annie into the home of the defendant was not enough to arouse the defendant’s passion to a point where it clouded his reason and obscured what would otherwise be a deliberate purpose to kill. There was sufficient evidence to support the jury’s determination that the defendant had formed a premeditated design to kill justifying a verdict of murder in the first degree. Wooten v. State, 104 Fla. 597, 140 So. 474 (Fla. 1932).
Affirmed.