PER CURIAM.
Treating the order appealed from as a final declaratory decree in which Section 10.4.1 of the Dade County Code was found constitutional, we conclude that (1) we have jurisdiction, as urged by appellant, to entertain this appeal as a final judgment, Art. V, § 4(b)(1), Fla.Const., and (2) the trial court committed no error in finding the said ordinance constitutional.
We have not overlooked the extensive arguments made by the petitioner Bell-south Advertising and Publishing Corporation attacking the constitutionality of the subject ordinance, but find them singularly unpersuasive. The ordinance is not, as urged, unconstitutionally vague and consequently does not constitute an unconstitutional delegation of legislative power. Moreover, the ordinance does not constitute an abridgement of appellant’s free speech rights under the First Amendment. See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); Florida Businessmen for Free Enterprise v. City of Hollywood, 673 F.2d 1213 (11th Cir.1982); Trushin v. State, 425 So.2d 1126, 1130 (Fla.1982); Sanicola v. State, 384 So.2d 152 (Fla.1980); Morales v. State, 407 So.2d 230, 231 (Fla. 3d DCA 1981).
The final declaratory decree under review is therefore in all respects
Affirmed.