PER CURIAM.
Appellant seeks reversal of judgments of conviction based upon a jury verdict finding him guilty of second degree murder and possession of a knife in the commission of a felony. Appellant contends that the evidence was legally insufficient to sustain the convictions and that the trial court erred in denying his motions for a judgment of acquittal and for a new trial.
We have carefully considered appellant’s contentions in the light of the record and briefs and have concluded that reversible error has not been shown. See Heiney v. State, 447 So.2d 210 (Fla.) (whether evidence fails to exclude all reasonable hypotheses of innocence is for jury to determine, and where there is substantial, competent evidence to support jury verdict, supreme court will not reverse judgment based upon verdict), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Spinkellink v. State, 313 So.2d 666 (Fla.1975) (judgment of conviction comes to supreme court with presumption of correctness; defendant’s claim of insufficiency of the evidence cannot prevail where there is substantial, competent evidence to support the verdict and judgment), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976); E.Y. v. State, 390 So.2d 776, 778 (Fla. 3d DCA 1980) (district court will not substitute its judgment for that of trier of fact nor pit its judgment against determinations of fact properly rendered by trier of fact).
Affirmed.