557 So.2d 185 (1990)
Talmedge RIGGINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1712.
District Court of Appeal of Florida, Third District.
February 20, 1990.
Bennett H. Brummer, Public Defender, and Daren L. Shippy, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
This is an appeal by the defendant Talmedge Riggins from a final judgment of conviction and sentence for (1) aggravated battery with a deadly weapon, and (2) discharging a firearm in public. The defendant raises two points on appeal; we find no merit in either point and affirm.
First, the defendant contends that the revolver which he used to strike the victim in this case is not a "deadly weapon," and, therefore, he could not be convicted of aggravated battery with a "deadly weapon" under Section 784.045, Florida Statutes (Supp. 1988). We disagree as it is well settled that a firearm, as here, is a "deadly weapon" within the meaning of the above-stated statute. Goswick v. State, 143 So.2d 817, 820 (Fla. 1962); Emshwiller v. State, 443 So.2d 488 (Fla. 2d DCA 1984); Miles v. State, 338 So.2d 547, 548 (Fla. 3d DCA 1976).
Second, the defendant contends that the trial court committed reversible error under State v. Neil, 457 So.2d 481 (Fla. 1984) in refusing to inquire as to why the state exercised peremptory challenges on certain black jurors. We disagree. The defendant makes no showing on this record that "there is a strong likelihood that [the subject jurors] have been challenged solely because of their race," and thus no inquiry by the trial court was required under Neil. 457 So.2d at 486. Instead, the defendant relies solely on the fact that the jurors excused were black and makes no contention that the jurors' answers on voir dire suggest no prima facie reason, other than their race, as to why the state would not want them to serve on the jury. It is settled, however, that this meager showing is insufficient to trigger a Neil inquiry. State v. Slappy, 522 So.2d 18, 21 (Fla. 1988).
Affirmed.