ROTHENBERG, J.
 

 The State of Florida appeals from an order granting in part defendant Javares Williams’ sworn motion to dismiss, reducing the charge of aggravated battery with a deadly weapon to simple battery. We reverse and remand.
 

 The defendant was charged by information with aggravated battery with a deadly weapon pursuant to sections 784.045(l)(a)2 and 775.087, Florida Statutes (2007), by intentionally striking the victim’s head against her will with a deadly weapon, to wit: a firearm.
 

 Prior to the start of trial, the defendant filed what has been characterized as a sworn motion to dismiss, and attached an affidavit obtained from the victim. The sworn motion to dismiss, which purportedly relies on the victim’s affidavit, states that the undisputed facts are: the victim was struck in the head by an unknown object; the object was not a deadly weapon; and the victim did not suffer great bodily harm, permanent disability, or permanent disfigurement. Contrary to what is alleged in the motion to dismiss, the victim in her affidavit states that she believes she was struck in the head with a firearm.
 

 Review of the “sworn” motion to dismiss reflects that it is not sworn to, and was therefore fatally deficient as a matter of law. While the defendant may rely on a sworn affidavit in his recitation of the “undisputed facts,”
 
 see State v. Betancourt,
 
 616 So.2d 82 (Fla. 3d DCA 1993), because the affidavit relied upon in the instant case does not establish that the object used was not a deadly weapon, the motion alleging that “undisputed” fact must be sworn to by the defendant or his attorney. The purpose of the oath requirement is to prevent the filing of motions based upon falsehoods. Thus, where the factual allegations supporting the motion to dismiss are not sworn to, the motion is legally insufficient, and it should be summarily denied.
 
 State v. Rodriguez,
 
 523 So.2d 1141 (Fla.1988). Because the legal sufficiency of the motion to dismiss was not raised below or on appeal, we have not decided this appeal on the infirmity of the motion, but rather, on what occurred subsequently.
 

 The record reflects that the defendant filed his “sworn” motion to dismiss just prior to the start of trial. Rather than providing the State with an opportunity to respond to the late-filed motion to dismiss by filing either a traverse or a demurrer, the trial court asked the State to proffer the facts to the trial court. In response, the State proffered that it was prepared to produce two witnesses who would testify that the object the defendant used to strike the victim was a firearm. Despite this proffer, the trial court indicated that whether the firearm constituted a deadly
 
 *1174
 
 weapon was dependent on whether it was used or threatened to be used in a manner likely to cause great bodily injury, and concluded that, even if the object was a firearm and it was used to strike the victim on her right temple, it was not a deadly weapon.
 

 Thereafter, the State proffered that, when the defendant hit the victim on her right temple with the firearm, the victim immediately fainted; she sustained a gash and was bleeding; and as a result of being struck by the defendant, the victim suffers from migraines and memory loss. The State’s additional proffer, however, did not alter the trial court’s conclusion that, based upon these facts, the firearm was not a deadly weapon as a matter of law, and accordingly, the trial court reduced the aggravated battery to simple battery, and offered the defendant a plea, which he accepted, over State objection.
 

 The State appealed. Following this Court’s relinquishment of jurisdiction, the trial court entered a written order, nunc pro tunc, reducing the charge of aggravated battery to simple battery, stating that “although a firearm was used that part of the firearm was not a deadly weapon within the meaning of the statute.”
 
 [1]
 

 LEGAL ANALYSIS
 

 An aggravated battery requires that the person, in committing a battery, either “[(Intentionally or knowingly cause[ ] great bodily harm, permanent disability, or permanent disfigurement” or “[u]se[ ] a deadly weapon.” § 784.045(1)(a). In the instant case, the State charged the defendant under the “deadly weapon” theory. § 784.045(l)(a)2. “A weapon is a ‘deadly weapon’ if it is used or threatened to be used in a way likely to produce death or great bodily harm.” Fla. Std. Jury Instr. (Crim.) 8.4.
 

 Section 790.001(6) defines a firearm as follows:
 

 (6) “Firearm” means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime.
 

 A firearm is, by definition, a deadly weapon because it is designed to expel a projectile by the action of an explosive which is likely to cause death or great bodily injury. If the firearm is discharged or it is used to put the victim in fear to commit an aggravated assault or a robbery, it is a deadly weapon as a matter of law. This is true regardless of whether the firearm is loaded or capable of being fired.
 
 See Waldo v. State,
 
 728 So.2d 280, 281 (Fla. 3d DCA 1999),
 
 quashed on other grounds,
 
 759 So.2d 674 (Fla.2000) (noting that in
 
 Miller v. State,
 
 613 So.2d 530, 531 (Fla. 3d DCA 1993), this Court upheld Miller’s conviction for aggravated assault with a deadly weapon, finding that a firearm, is by definition, a deadly weapon which fires projectiles likely to cause death or great bodily harm);
 
 Mitchell v. State,
 
 698 So.2d 555, 558 (Fla. 2d DCA 1997) (noting that “[bjecause the definition of ‘firearm’ does not involve proof that the gun is loaded or operable, a defendant’s use of a firearm during a crime can be established even if the gun is not recovered and introduced into evidence”);
 
 Mil
 
 
 *1175
 

 ler,
 
 613 So.2d at 531 (concluding that the trial court did not err in refusing to give a jury instruction on the justifiable use of non-deadly force, because a firearm is, by definition, a deadly weapon which fires projectiles likely to cause death or great bodily harm) (emphasis added);
 
 M.R.R. v. State,
 
 411 So.2d 983, 984 (Fla. 3d DCA 1982) (holding that for purposes of the aggravated assault statute, if the instrument used is a firearm as defined by section 790.001(6), “then that instrument is a deadly weapon as a matter of law ... regardless of whether it is loaded or capable of being fired”; and holding that for purposes of the aggravated assault statute, if the instrument is not a firearm, then courts are to “apply an objective test and look to the nature and actual use of the instrument and not to the subjective fear of the victim or intent of the perpetrator in determining whether the instrument is a deadly weapon”);
 
 Bass v. State,
 
 232 So.2d 25, 27 (Fla. 1st DCA 1970) (holding that an unloaded gun used in the commission of an aggravated assault is a deadly weapon).
 

 The defendant argues, and the trial court found, that where, as in the instant case, there is no evidence that the firearm was discharged or used to put the victim in fear, it does not qualify as a deadly weapon as a matter of law. As the State properly noted, both below and on appeal, this is not the law.
 
 See Riggins v. State,
 
 557 So.2d 185 (Fla. 3d DCA 1990) (affirming conviction for aggravated battery, finding that a firearm used to strike the victim is a “deadly weapon”);
 
 Dawson v. State,
 
 338 So.2d 242, 243 n. 2 (Fla. 3d DCA 1976) (“We note that a gun may be used as a club, stick or bludgeon, and thus is a deadly weapon in this capacity as well as in discharging bullets.”);
 
 Wade v. Wainwright,
 
 266 So.2d 378, 378-79 (Fla. 4th DCA 1972) (holding that pistol-whipping the victim about the head constituted the offense of aggravated assault).
 

 Because we conclude that the trial court erred when it found that, based upon the proffered facts of this case — that the defendant struck the victim on her right temple with a firearm, causing a laceration and the victim to faint and suffer from headaches and loss of memory — the firearm was not a deadly weapon as a matter of law, we reverse the trial court’s order reducing the charge of aggravated battery to a simple battery, and the subsequent plea offered and accepted by the defendant to the reduced charge of simple battery. We instruct the trial court to allow the defendant to withdraw his guilty plea as to simple battery and to reinstate the charge of aggravated battery.
 

 Reversed and remanded with instructions.
 

 [1]
 

 . Senior Judge Alan R. Schwartz presided over die hearing, whereas Judge David C.
 
 Miller
 
 entered the written order.