CIKLIN, J.
Patrick O’Meara appeals his conviction for aggravated battery, arguing that using a pistol as a bludgeon does not qualify as use of a deadly weapon for purposes of the aggravated battery statute. We disagree and find that when a person commits a battery by using a firearm as a bludgeon, the person uses a deadly weapon within the meaning of the aggravated battery statute.
The state charged O’Meara by information with one count of home invasion robbery with a firearm and one count of aggravated battery with a firearm. The case proceeded to a trial by jury.
At trial, the victim testified that she was an acquaintance of O’Meara’s. On the night of the incident, O’Meara and his girlfriend (also a friend of the victim) visited the victim’s home. The victim, who suffers from several health issues, was lying on a couch. While she spoke with O’Meara and his girlfriend, the victim took a prescription pain pill. O’Meara asked the victim for one of the phis, and the victim refused.
O’Meara then produced a .380 caliber handgun and pointed it at the victim’s head, and said to the victim, “You caused this on yourself.” O’Meara then struck the victim’s forehead with the firearm, causing a small bruise and laceration near the victim’s left eye. At the same moment O’Meara struck the victim’s face, the gun fired. The bullet did not strike anyone and passed through the couch and into a wall. O’Meara or his girlfriend then grabbed the victim’s purse, which contained money and her prescription pain medications, and the pair left the home.
*872 O’Meara’s counsel moved for a judgment of acquittal on the aggravated battery charge, arguing that striking a person with a firearm as a bludgeon, without anyone being actually struck by its projectile, was insufficient to meet the requirement that a person “[u]ses a deadly weapon” under the aggravated battery statute. § 784.045(l)(a)2, Fla. Stat. (2008). The court denied O’Meara’s motion.
At the close of trial, the jury returned a verdict of guilty for aggravated battery with a firearm, and a verdict of not guilty for home invasion robbery. The jury also found that O’Meara actually possessed and discharged a firearm during the commission of the aggravated battery, and the court sentenced him to the twenty-year minimum mandatory term of imprisonment pursuant to section 775.087(2), Florida Statutes (2008).[1]
On appeal, O’Meara argues that the trial court erred by denying his motion for judgment of acquittal on the aggravated battery charge. “A trial court’s ruling on a motion for judgment of acquittal is reviewed de novo.... ” State v. Konegen, 18 So.3d 697, 698 (Fla. 4th DCA 2009) (citation omitted).
O’Meara was convicted of aggravated battery under section 784.045(l)(a), Florida Statutes (2008), which states:
A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.[2]
In State v. Williams, 10 So.3d 1172, 1175 (Fla. 3d DCA 2009) the Third District determined that the use of a firearm as a bludgeon in a battery constitutes aggravated battery. The defendant struck the victim’s right temple with a firearm and the state charged him with aggravated battery pursuant to subsection 2 of section 784.045(l)(a) (by the use of a deadly weapon). Id. at 1173. The defendant moved to dismiss the aggravated battery charge, arguing that the use of a firearm as a bludgeon was not a “deadly weapon” within the meaning of the statute. Id. The trial court dismissed the aggravated battery charge and reduced the charge to simple battery. Id. at 1174. The state appealed, and the Third District reversed. The court noted that “[a] firearm is, by definition, a deadly weapon because it is designed to expel a projectile by the action of an explosive which is likely to cause death or great bodily injury.” Id. The court found that when a firearm is used as a bludgeon to strike a person, the firearm is still a deadly weapon. See id. (citing Riggins v. State, 557 So.2d 185 (Fla. 3d DCA 1990)). The Third District remanded the case with instructions to the trial court to reinstate the aggravated battery charge. Id.
*873 We agree with the Williams court and accordingly find that the trial court properly denied O’Meara’s motion for judgment of acquittal.
Our holding is entirely consistent with the legislative goals of the aggravated battery statute: “[T]he legislative intent [of the aggravated battery statute is] increasing punishment as the degree of actual injury or 'potential for serious injury becomes great..." Lareau v. State, 573 So.2d 813, 815 (Fla.1991) (emphasis added). As the instant case dramatically shows, the risk of great bodily harm or death greatly increases when a person commits a battery with a deadly weapon. Had O’Meara’s .380 caliber firearm been pointed in a slightly different direction, the discharged bullet could have hit one of the three persons in the room.
O’Meara contends that his motion for judgment of acquittal should have been granted under this court’s en banc decision in Severance v. State, 972 So.2d 931 (Fla. 4th DCA 2007). In Severance, the defendant punched the victim and then grabbed a knife and held it near the victim’s throat while choking the victim with his other hand. Id. at 932. The knife never came in contact with the victim. The issue before this court was whether the “[u]ses a deadly weapon” prong of the aggravated battery statute requires an actual touching with the deadly weapon to commit the battery.
The Severance majority consisting of Judges Shahood, Gunther, Warner, Polen, Farmer, and Gross found that “the plain meaning [of the aggravated battery statute] is that if a deadly weapon is used in any manner the battery is aggravated.” Id. at 934. This court held that the defendant’s actions were sufficient to qualify as aggravated battery under the statute and that there was no requirement that the weapon actually contact the victim. Id.
The facts of Severance produced several concurring and dissenting opinions. In a concurring opinion, Judge Farmer wrote that the “only possible meaning [of the aggravated battery statute] is that the deadly weapon be applied or employed in any way assisting the commission of a battery.” Id. at 935 (Farmer, J., concurring). Judge Farmer applied the plain meaning of “uses,” which would not require that the deadly weapon contact the victim. Id. at 938.
Judge May opined that “the weapon must be used in such a way as to assist in accomplishing the battery,” and urged that the majority’s holding was too broad because it could allow a conviction for aggravated battery when the weapon was not actually used in the commission of the battery. Id. at 939-40 (May, J., concurring in part and dissenting in part) (citation omitted). Judge Stevenson agreed with Judge May’s opinion, and wrote separately to distinguish contact from impact: “Simply stated, the deadly weapon must be physically involved with the impact which constitutes the unwanted touching,” but contact between the weapon and the victim was not required. Id. at 939 (Stevenson, J., concurring in part and dissenting in part).
In a dissenting opinion, Judge Klein asserted that battery requires an unwanted touching, and that battery with a deadly weapon would require that the deadly weapon contact the victim. Id. at 940-41 (Klein, J., dissenting). Judge Klein also argued that “[i]f this statute is susceptible of different interpretations ... our lenity statute ... requires us to apply the interpretation favorable to the defendant.” Id. at 941.
Under the application of any of the Severance opinions, we find O’Meara’s actions constituted an aggravated battery. In this *874 case, the use of the deadly weapon to pistol whip the victim is by definition contact with the victim.
Accordingly, we affirm the trial court’s denial of O’Meara’s motion for judgment of acquittal. We affirm the remaining issues of the appeal without comment.

Affirmed.

STEVENSON and GERBER, JJ„ concur.

. The statute provides:
Any person who is convicted of a felony or an attempt to commit a felony [enumerated in a list that includes aggravated battery], regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a ‘firearm’ ... shall be sentenced to a minimum term of imprisonment of 20 years.
§ 775.087(2)(a)2, Fla. Stat. (2008); see Mendenhall v. State, 48 So.3d 740, 743 (Fla.2010) ("The 10-20-Life statute provides for mandatory minimum sentences for certain enumerated offenses ... where a defendant ... [who] discharges a firearm [receives a] minimum term of imprisonment of twenty years .... ” (citation omitted)).

. Because the jury found that the battery did not cause great bodily harm to the victim, its finding of guilt was based on his "[u]se [of] a deadly weapon.”