295 So.2d 114 (1974)
Warren M. ADAMS, Jr., Appellant,
v.
STATE of Florida, Appellee.
Wilbur G. Yarborough, Appellant,
v.
State of Florida, Appellee.
Nos. 72-596, 72-714.
District Court of Appeal of Florida, Second District.
May 22, 1974.
Rehearing Denied June 18, 1974.
*115 Robert E. Jagger, Public Defender, and William F. Casler, Asst. Public Defender, Clearwater, for Warren M. Adams, Jr., and John C. Lenderman, St. Petersburg, for Wilbur G. Yarborough.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth and P.A. Pacyna, Asst. Attys. Gen., Tampa, for appellee.
Rehearing Denied June 18, 1974 in No. 72-714.
MANN, Chief Judge.
Mrs. Martin was walking with a friend on a street in St. Petersburg when her purse was snatched by a man who ran through an alley and made his get-a-way in a light colored Chevrolet car. She noted that it had a white license plate with dark numerals reading "AP699". A week later a light colored Chevrolet bearing a North Carolina plate "AP609" was seen with two men in the front seat and a 16 year old boy in the rear seat, proceeding slowly along streets in St. Petersburg. The car was stopped and the men were taken to St. Petersburg police station. On bad advice they were charged immediately with loitering and contributing to the delinquency of a minor. Within 30 or 45 minutes of their arrival, however, a police detective who understood the implications of sham arrests charged them with robbery, the offense which the officers had in mind when the arrest was made.
We affirm for two reasons. In the first place, at a suppression hearing Judge Driver correctly stated:
"If we were here concerned with tangible evidence, such as a weapon or something of that sort, and that had been seized as a result of an unlawful arrest, we would assume at this time there was not probable cause for the arrest. Then, of course, that unreasonable search and seizure would taint anything that may have been fruits of the search.
In this case, however, the proof is that the defendant at the time of the alleged statement was charged with a felony. The fact that his initial apprehension may have been subject to being declared invalid would  at this time the only question concerned in the statement is whether or not it was freely and voluntarily made. That is the ultimate test. He was advised of the charges against him and, presumably from the evidence, all the other precautions which are necessary to be preserved were in this case."
Of course tangible evidence seized as the fruit of a sham arrest would be suppressible. Shaffer v. State, Fla.App. 1974, 295 So.2d 677. But these defendants were charged almost immediately with the felony which was in the minds of the police officers at the outset. We think there was probable cause to make the arrest. The automobile was described as particularly as any witness could be expected to describe it. There may have been one digit recalled incorrectly but likelihood of there being another 1963 white Chevrolet with a light license plate with dark letters reading AP609 or 699 is slight. Too, the occupants were obviously cruising the streets in a manner which purse snatchers would. We think the officers acted prudently in arresting Adams and Yarborough and would have been derelict in their duty if they had not apprehended them. Of course the occupants of an automobile have some reasonable expectations of privacy but all of the circumstances must be considered. As Mr. Justice Clark once remarked, "there is no war between the Constitution and common sense."[1] We are dealing here with an emerging area of law which, since Terry v. Ohio,[2] has made it clear that there is a *116 middle ground between the pretextual arrest[3] and an arrest with probable cause.[4] Even if the evidence in this case had fallen short of probable cause, there would have been reasonable ground on which to detain Adams and Yarborough for a reasonable period to assertain their identity and to discover whether they were in fact the individuals sought.[5]
In the second place, we do not think that the Wong Sun doctrine[6] bars reception of a voluntary confession given after full explanation of the suspect's constitutional rights. Under the circumstances of this case the scope of the Wong Sun doctrine is, of course, unclear at present and police officers would be well advised to avoid pretextual and sham arrests which undoubtedly taint some of their consequences. Judge Driver at the suppression hearing and Judge Patterson at trial correctly ruled that there was probable cause for these arrests and that the confessions were voluntarily given.
Next, each of the appellants claims a violation of Bruton v. United States[7] in the use of the other's confession. Bruton does not govern this case. This is a case like United States ex rel. Catanzaro v. Mancusi[8] in which each confession interlocked with and supports the other.
The appellants next argue that there is no showing that Mrs. Martin was put in fear or that force or violence was used. Neither side cites any authority to this court but both sides will find plenty in Annotations at 57 LRA 432, 46 LRA (NS) 1149, and LRA 1918E 937.[9] Judge Patterson correctly charged this jury as follows:
"Picking a pocket or purse snatching is not robbery if no more force or violence is used than is necessary to physically remove the property from the person who does not resist. But if the victim resists in any degree, and this resistance is overcome by the physical force of the offender, the crime of robbery is complete."[10]
Affirmed.
HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] 1961, Mapp v. Ohio, 367 U.S. 643, 657, 81 S.Ct. 1684, 1693, 6 L.Ed.2d 1081.
[2] 1968, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.
[3] State v. Holmes, Fla.App.2d 1971, 256 So.2d 32 and cases there cited.
[4] Chambers v. Maroney, 1970, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 489; Carpenter v. Sigler, 8th Cir.1969, 419 F.2d 169.
[5] See, LaFave, "Street Encounters" and the Constitution: Terry, Sibron, Peters, and Beyond, 67 Mich.L.Rev. 40 (1968).
[6] Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.
[7] 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.
[8] 2nd Cir.1968, 404 F.2d 296.
[9] See also, Montsdoca v. State, 1922, 84 Fla. 82, 93 So. 157.
[10] See, Standard Jury Instructions, 205 and 206.