612 So.2d 689 (1993)
Winston JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1035.
District Court of Appeal of Florida, First District.
January 26, 1993.
Rehearing Denied February 1, 1993.
*690 Nancy A. Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., for appellee.
KAHN, Judge.
Winston Johnson, convicted of robbery and classified and sentenced as an habitual offender by the trial court, brings this appeal.
On September 12, 1990, Elizabeth Wilson, the victim, held in her closed right fist $240.00 while she waited to purchase a bus ticket at the Gainesville Greyhound station. Johnson approached from her right, reached across her shoulder, "raked" her hand and grabbed the money. In the process of taking the cash, Johnson used sufficient force to tear a scab off Ms. Wilson's finger. Johnson made no statements during the transaction, and touched Ms. Wilson only during the process of taking the money. When apprehended, Johnson admitted to police that he took the money, stating that he needed it to purchase crack cocaine. On these facts the trial court denied a defense motion for judgment of acquittal on the robbery charge, and the jury returned with a conviction.
At sentencing, the state sought habitual offender treatment pursuant to notice under section 775.084, Florida Statutes (1989). Accordingly, the state presented appropriate evidence concerning Johnson's criminal record. Upon hearing the evidence, the trial court stated:
What I'm going to do is this: You are a habitual offender; when you commit an offense, you are habitualized because of your record; there's no choice.
* * * * * *
I'm going to declare you a habitual offender and sentence you to seven years in the Department of Corrections; that's the lowest under the permitted range I can go.
Johnson now argues that his motion for judgment of acquittal was improperly denied, habitual offender classification was not mandatory, despite certain language in the statute, and that in any event the trial court was not obligated to impose sentence pursuant to the habitual offender statute. We affirm the robbery conviction, but agree with Johnson on the sentencing issue, and remand to the trial court.
Robbery is distinguished from larceny by the perpetrator's use of force. "The degree of force used is immaterial. All the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance." *691 Montsdoca v. State, 84 Fla. 82, 93 So. 157, 159 (1922) (citations omitted); see also, McCloud v. State, 335 So.2d 257 (Fla. 1976). In the present case the evidence establishes that Ms. Wilson was holding money in her closed right fist and that Johnson used sufficient force to remove the money, and in the process to cause slight injury to Ms. Wilson's hand. The robbery statute requires a showing that defendant, during the course of taking money or other property, used "force, violence, assault, or putting in fear." § 812.13, Fla. Stat. (1989). Clearly, a showing of force will suffice, even in the absence of a showing of threats or actual assault made upon the victim. The evidence in this case was sufficient to properly place the issue of use of force before the jury. Larkins v. State, 476 So.2d 1383 (Fla. 1st DCA 1985).
We also hold that the trial court was not mandatorily required to classify or sentence Johnson as an habitual offender. Grimes v. State, 18 Fla. L. Weekly D240, No. 91-3321, 1992 WL 387435 (Fla. 1st DCA December 31, 1992). The Second District, which has found habitual offender classification to be mandatory, also agrees that, in any event, sentencing as an habitual offender is within the court's discretion. King v. State, 597 So.2d 309 (Fla. 2d DCA 1992), rev. denied, 602 So.2d 942 (Fla. 1992).
Appellant's conviction is affirmed, and the cause remanded to the trial court for resentencing, at which time the trial judge shall reconsider, pursuant to Grimes, supra, whether he wishes to accord habitual offender treatment.
MINER and ALLEN, JJ., concur.