769 So.2d 501 (2000)
Richard WOODS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3631.
District Court of Appeal of Florida, Fifth District.
October 20, 2000.
*502 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Richard Woods challenges the denial of his motion for a judgment of acquittal on a robbery conviction. He argues that the jury could not have reasonably concluded that the victim was placed in fear of great bodily harm or death. We reject his argument and affirm.
At approximately 10:30 p.m. on April 8, 1999, Woods entered a Food Lion store in New Smyrna Beach and asked the victim, a store cashier, to change his quarter. After she opened her till, he demanded that she hand over its contents. He told her further not to look around, not to yell for help, to do as she was told, and to do it quickly. He also handed her a note with words to the same effect. She testified that she was terrified during the encounter and did as she was told in turning over the estimated $310 in her drawer. She was sure Woods was going to hurt her if she did not comply with his demands. Asked by the prosecutor why she was in such fear, she responded that it was the tone of his voice and the look in his eyes. Other store employees described the victim's demeanor immediately after the incident as "upset" and "real panicky."
Robbery is the taking of the property of another through the "use of force, violence, assault, or putting in fear." § 812.13, Fla. Stat. (1997). Where, as here, the proof rests on the element of fear, the fear must be of death or great bodily harm. See Brown v. State, 397 So.2d 1153 (Fla. 5th DCA 1981). The controlling factor is not the victim's state of mind, but whether a jury could conclude a reasonable person, under like circumstances, would have felt sufficiently threatened to accede to the robber's demands. See Schram v. State, 614 So.2d 646 (Fla. 2d DCA 1993).
In State v. Baldwin, 709 So.2d 636 (Fla. 2d DCA 1998), a robbery conviction was affirmed where the robber demanded money from a bank teller. The teller's view of the robber's body was obstructed such that she could not have detected any tell-tale bulges. The robber had taken steps to obscure his identity with a cap and sunglasses. He also handed the cashier a hand-written note. Again, in Brown v. State, a robbery conviction was affirmed where a teller was handed a note saying "`this is a holdup.'" Id., 397 So.2d at 1154. Even though the robber kept his hands below the counter such that the victim could not determine if he was carrying a weapon, he instilled fear by telling the victim to do as he said if she loved her family. In both Baldwin and Brown, the key element was that the victim felt sufficiently threatened to accede to the robber's demands. By comparison, in Schram, a robbery conviction was reversed where the defendant announced she intended to take two 12-packs of beer and the clerk saw a bulge in the defendant's back pocket which he assumed was a knife. In Fine v. State, 758 So.2d 1246 (Fla. 5th DCA 2000), a robbery conviction was reversed where the defendant, while at a drive-thru of a McDonald's, reached through the take-out window and took money from the cash drawer while the employee's back was turned. We conclude the circumstances of this case are more akin to those in the Baldwin and Brown cases and that a jury could have surmised a reasonable person would have been in fear of great bodily harm and, accordingly, would have acceded to Wood's demands. *503 We therefore affirm his judgment and sentence for the offense of robbery.
AFFIRMED.
THOMPSON, C.J., and COBB, J., concur.