PLEUS, J.
The question in this case is whether the state presented sufficient evidence of a robbery for the issue of guilt of this crime to be presented to the jury. Wendell Sanders argues he should only have been found guilty of the lesser and newly-created offense of robbery by sudden snatching.[1] We agree with the trial court’s conclusion that a fair question for the jury existed as to whether the acts of Sanders amounted to a traditional strong-arm robbery.
In the early evening of October 21,1999, as dusk was approaching, 20-year-old John Furman went to a convenience store and bought a 12-pack of Mountain Dew. As he was leaving the store, he was approached by Sanders. Sanders asked him for a quarter to make a phone call. Fur-man reached into his left pocket and handed Sanders a quarter. Sanders then told him he needed another dime because it takes 35 cents to make a call. Furman set the soda down between his feet, reached into his pocket and with his left hand placed his paper money into his right hand. As he was going through his change, Sanders reached over and grabbed the paper money out of Furman’s right hand. How the removal of the money took place is set forth in greater detail in the following dialogue between the prosecutor and Furman;
Q. Can you demonstrate to the jury how you were holding the bills in your hands that evening?
A. I had them like this. And some of them were sticking up through my hand, and it was — he just reached *507 over and grabbed it out of my hand (indicating).
Q. Okay.
A. He opened my hand and he grabbed it at the same time (indicating).
Q. All right. So he — and correct me if I’m wrong. He not only grabbed the bills, he grabbed your fingers in the process?
A. Yes.
Q. Okay. When that happened, what was going through your mind?
A. I didn’t know if he was going to hit me or if he was just going to run off or what was going to happen next.
Q. Were you scared?
A. Yes.
On cross-examination, Furman testified that he did not become scared until Sanders actually grabbed the money. Furman agreed with Sanders’ counsel that Sanders had “peeled [Furman’s] fingers back” before snatching the money:
Q. And what, you had your bills just in your fist?
A. I had them in my hand and there was — -a couple of them were sticking up through my hand, and he opened my hand and grabbed them at the same time.
Q. Just like held your hand open and snatched the money and ran away?
A. Yeah. Well, he done it with the same hand.
Q. Okay.
A. He opened it and grabbed it with the same hand.
Q. So just kind of reached over, peeled your fingers back and snatched it and ran?
A. Yes.
In order to establish robbery, the taking must be by means of force, violence, assault or putting the victim in fear. As to the element of force, the Supreme Court, in Robinson v. State, 692 So.2d 883 (Fla.1997), held that the perpetrator must employ more force than necessary to remove the property from the person; specifically, there must be resistance by the victim that is overcome by the physical force of the offender. Id. at 886.
In Goldsmith v. State, 573 So.2d 445 (Fla. 2d DCA 1991), an undercover deputy was attempting to buy crack cocaine from Goldsmith when Goldsmith snatched a ten-dollar bill from the deputy’s hand without touching the deputy in the process. The court held that the slight force used by Goldsmith to remove the bill from the deputy’s hand was insufficient to constitute the crime of robbery. In the instant case, the victim’s hand was not only touched or brushed, but Sanders had to peel Fur-man’s fingers back in order to get the money. Furman’s clutching of his bills in his fist as Sanders pried his fingers open could have been viewed by the jury as an act of resistance against being robbed by Sanders. The fact that he did not put up greater resistance does not transform Sanders’ act into a simple theft or, under the new statute, a robbery by snatching. See Mims v. State, 342 So.2d 116, 117 (Fla. 3d DCA 1977) (“Although purse snatching is not robbery if no more force or violence is used than necessary to physically remove the property from a person who does not resist, if the' victim does resist in any degree and this resistance is overcome by the physical force of the perpetrator, the crime of robbery is complete”).
Sanders lost his money through an act of force committed against his person. In addition, the acts of Sanders reasonably put Furman in fear for his personal safety. Furman was approached by a stranger asking for a quarter to make a phone call. Furman testified that at the point the money was taken, he became scared; he did not know if Sanders was going to hit him or if “he was going to run off or what was going to happen next.” A jury could reasonably conclude that the acts were more than a robbery by snatching because Furman’s fingers were pried open with force and this act of force committed *508 against him by a stranger reasonably put Furman in fear of imminent physical danger. The controlling factor is not the victim’s state of mind but whether a jury could conclude a reasonable person, under like circumstances, would have felt sufficiently threatened to accede to the robber’s demands.
We affirm appellant’s conviction for robbery and his sentence as a reoffender.
AFFIRMED.
THOMPSON, C.J., and COBB, J., concur.

. See § 812.131, Fla. Slat. (1999); Ch. 99-175, § 1, Laws of Fla.