780 So.2d 918 (2001)
Walter Anthony HAYES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2437.
District Court of Appeal of Florida, First District.
January 10, 2001.
Rehearing Denied February 22, 2001.
*919 Nancy A. Daniels, Public Defender and W.C. McLain, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Walter Anthony Hayes, Jr., appeals his convictions and sentence for robbery and uttering a forged instrument. For the reasons that follow, we affirm.
Appellant argues that the evidence was insufficient to establish that he acted as a principal to the offense of robbery. This argument, however, was not specifically raised below, and as a result, it was waived. See Terry v. State, 668 So.2d 954 (Fla.1996).
Also, we find no merit to appellant's argument that the trial court erred in denying his motion for a judgment of acquittal on the robbery charge. Appellant argued that the evidence was insufficient to show any use of force. The trial court, however, denied the motion noting that the victim testified that her assailant "bumped" her from behind with his shoulder and probably would have caused her to fall to the ground but for the fact that she was in between rows of cars when the robbery occurred. Taken in a light most favorable to the state, the case was properly submitted to the jury. See Woods v. State, 733 So.2d 980 (Fla.1999).
Similarly, we find no basis to reverse on the ground that the trial court erred in permitting the prosecution to admit some evidence, in the form of excerpts of a statement given by appellant to police, regarding appellant's drug use on the day of the robbery. The prosecution asserted that the evidence demonstrated that appellant's motive for the robbery and subsequent uttering of a stolen check was to obtain money for purchasing drugs. The trial court found this evidence to be relevant to the issue of appellant's motive for the robbery. We find no basis to reverse. See State v. Shaw, 730 So.2d 312 (Fla. 4th DCA 1999), and Caruso v. State, 645 So.2d 389 (Fla.1994).
*920 Finally, with respect to appellant's arguments that the Criminal Punishment Code is unconstitutional as a denial of due process and as constituting cruel and unusual punishment, these arguments have been rejected by this court. See Hall v. State, 773 So.2d 99 (Fla. 1st DCA 2000); see also Peterson v. State, 775 So.2d 376 (Fla. 4th DCA 2000).
AFFIRMED.
BOOTH, MINER and VAN NORTWICK, JJ., concur.